[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2009
THOMAS K. KAHN
CLERK

No. 08-12607
Non-Argument Calendar

_____

D. C. Docket No. 02-00161-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNEY LEE MATHESON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 20, 2009)

Before EDMONDSON, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Kenney Matheson appeals the district court's refusal to

grant more than a two-level base offense level reduction of his sentence sought by Matheson pursuant to his 18 U.S.C. § 3582(c)(2) motion.  No reversible error has been shown; we affirm.

In April 2003, Matheson was sentenced to a term of 262 months' imprisonment for his conviction of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841, to be followed by a mandatory consecutive 60-month sentence imposed for his conviction of possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c).  The total sentence imposed -- 322 months -- was at the high end of the 210 to 262 month guideline range, plus the mandatory 60 months.  In March 2008, Matheson filed a motion pursuant to section 3582(c)(2) for retroactive application of Amendment 706 to the sentencing guidelines.[1]  The district court determined that Amendment 706 was applicable to Matheson, reduced Matheson's offense level by two levels, and imposed a new revised total sentence of 270 months (again at the high end of the guidelines range) consisting of 210 months, plus the mandatory 60 months.

Matheson argues -- for the first time on appeal -- that the district court erred

---

[1]Amendment 706 revised U.S.S.G. § 2D1.1 by reducing by two levels the offense levels applicable to crack cocaine offenses.  Subject to technical changes effected by Amendment 711, Amendment 706 was made retroactive as of 3 March 2008 by Amendment 713.

by failing to take into consideration his post-sentencing conduct and rehabilitation when crafting the revised sentence.[2]  According to Matheson, after United States v. Booker, 125 S.Ct. 738 (2005), the district court has authority to depart from the guidelines when imposing a new sentence under section 3582.  Matheson argues that the district court should have requested an updated presentence investigation report to inform the district court's decision-making process in crafting a reasonable sentence.

We review de novo the district court's legal conclusions about the scope of its authority under section 3582, United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, 129 S.Ct. 965 (2009); if section 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed for abuse of discretion.  United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008).  But arguments raised for the first time on appeal are subject only to plain error review. United States v. Olano, 113 S.Ct. 1770, 1776 (1993).

If a district court is authorized to reduce a sentence pursuant to section 3582(c)(2), it may do so "after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582.  A

_____

[2]Before the district court, Matheson argued only that the district court should revisit the original drug-amount calculation used when his sentence was imposed in April 2003.

sentencing adjustment under section 3582(c)(2) allows no full de novo resentencing. See U.S.S.G. § 1B1.10(a)(3) ("proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant"); all original sentencing determinations are to remain unchanged with only the amended guideline range substituted for the unamended guideline range used at sentencing. See U.S.S.G. § 1B1.10, comment. n.2; United States v. Vautier, 144 F.3d 756, 760 n. 4 (11th Cir. 1998).

We reject Matheson's post-sentencing-behavior-based claim of error. The policy statement generally applicable to section 3582(c)(2) proceedings allows -- but mandates no -- consideration of post-sentencing conduct. U.S.S.G. § 1B1.10, comment. n.1(B)(iii). If the district court failed to consider Matheson's post-sentencing conduct (we do not say), this failure could not support plain error relief.

And United States v. Melvin, ___F.3d___, 2009 WL 236053 (11th Cir. Feb. 3, 2009), precludes Matheson's claim of Booker error. In Melvin, we concluded that Booker and its progeny have no application to section 3582(c)(2) proceedings. Under Melvin, a district court is bound by the limitations on its discretion imposed by section 3582(c)(2) and the applicable Sentencing Commission policy statements. Resentencing under section 3582(c)(2) allows a district court no discretion to impose a non-guidelines sentence.

AFFIRMED.

4